IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THOMAS MERCK,

    **Plaintiff,**

                                  Case No. 2:20-cv-2908
                                  Judge Sarah D. Morrison
    v.                              Magistrate Judge Elizabeth P. Deavers

WALMART INC.,

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of unopposed motions to seal filed by Plaintiff Thomas Merck (ECF No. 88) and Defendant Walmart Inc. ("Walmart") (ECF No. 90). Briefly, Plaintiff seeks to seal his deposition transcript, Exhibit 1 to Defendant's Opposition to Class Certification (ECF No. 74-1); the Settlement Agreement between Plaintiff and non-party Sterling Infosystems, Inc., Exhibit 1 to Defendant's Motion for Summary Judgment (ECF No. 75-1), and (3) the unredacted references and quotations to (1) and (2) contained within Plaintiff's briefing on Plaintiff's Motion for Class Certification (redacted versions filed at ECF Nos. 67, 84); and Defendant's Motion for Summary Judgment (redacted versions filed at ECF No. 83). Plaintiff also seeks to seal references and quotations in the same briefs relating to material Walmart seeks to have sealed.  For its part, Walmart seeks to seal certain deposition testimony[1]

---

[1] These transcripts are from the depositions of Natalie Bartlett, Senior Security Risk Manager, II for Walmart; Jim Likovic, Senior Director, Engineering for Sterling Infosystems, Inc. ("Sterling"); Adam Nager, Director of Compliance; and Larisa Ivy, former Director, Insider Trust for Walmart.  According to Walmart, the parties propose that "the Court seal the complete

and documents[2] related to Plaintiff's Motion for Class Certification (ECF No. 67); Walmart's Opposition to Plaintiff's Motion for Class Certification (ECF No. 74); Plaintiffs' Reply in Support of Plaintiff's Motion for Class Certification (ECF No. 84); Walmart's Motion for Summary Judgment (ECF No. 75), Plaintiff's Opposition to Walmart's Motion for Summary Judgment (ECF No. 83), and Walmart's Reply in Support of Walmart's Motion for Summary Judgment (ECF No. 85).

By Order dated September 9, 2022, the Court directed the parties to make submissions to Chambers for an *in camera* review. The Court has conducted its *in camera* review consistent with its "independent obligation, which exists regardless of any agreement or disagreement among the parties, to determine whether sealing is warranted." *Frohn v. Globe Life & Accident Ins. Co.,* No. 1:19-CV-713, 2022 WL 1555104, at *1 (S.D. Ohio May 17, 2022) (citing *Proctor & Gamble Co. v. Ranir, LLC*, No. 1:17-cv-185, 2017 WL 3537195, at *2 (S.D. Ohio Aug. 17, 2017)). Based on that review, the Court resolves the current motions to seal as follows.

## I.

It is well established that "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns,* 435 U.S. 589, 598 (1978). A court's discretion to seal records from public inspection, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files[,]" which the United States Court of Appeals for

---

deposition transcripts so that confidential testimony from those depositions not cited in the Parties' Briefing remains protected." (ECF No. 90 at 9.)

[2] These documents include a Declaration from Natalie Bartlett dated June 27, 2022, a Declaration from Naomi Beer and nine exhibits (Exhibits 3, 4, 5, 7, 12, 13, 18, 23, and 24). Walmart seeks to have these documents sealed in their entirety with the exception of Exhibit A attached to the Bartlett Declaration, which Walmart explains does not contain confidential information and, therefore, does not need to be sealed.

the Sixth Circuit as described as a "long-established legal tradition." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983); *see also Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178–80 (6th Cir. 1983) (discussing the justifications for the "strong presumption in favor of openness"). Therefore, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted). The Sixth Circuit has indicated that exceptions fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179 (citations omitted).

In addition, the Sixth Circuit has recently emphasized the public's "strong interest in obtaining the information contained in the Court record." *Shane Grp., Inc.*, 825 F.3d at 305 (internal quotation marks and citation omitted); *see also In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019) ("'[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.'") (quoting *Shane Grp., Inc.*, 825 F.3d at 305). Accordingly, district courts must consider "each pleading [to be] filed under seal or with redactions and to make a specific determination as to the necessity of nondisclosure in each instance" and must "bear in mind that the party seeking to file under seal must provide a 'compelling reason' to do so and demonstrate that the seal is 'narrowly tailored to serve that reason.'" *In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 940 (quoting *Shane Grp.*, 825 F.3d at 305). If a district court "permits a pleading to be filed under seal or with redactions, it shall be incumbent upon the court to adequately explain 'why the interests in

3

support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary.'" *Id.* (quoting *Shane Grp., Inc.*, 825 F.3d at 306).

## II.

In his Motion, Plaintiff sets forth the following bases for sealing the identified documents. With respect to his deposition transcript, Plaintiff explains that he seeks to seal thirteen pages of testimony because it is addressed to his interactions with law enforcement unrelated to this case and his health and medical information. (ECF No. 88 at 3.) Plaintiff confirms his expectation that a redacted version of his deposition transcript will be filed on the public record. (*Id.*) With respect to the Settlement Agreement, Plaintiff asserts that this document, previously and consistently designated as confidential, should remain sealed with no redacted version filed on the public record because it relates to a separate matter between private parties and there is no overriding public interest in its contents. (*Id.* at 4-5.) Finally, with respect to the briefing, Plaintiff states that it contains quotations and references to the above referenced documents and redacted versions already have been filed on the public docket (ECF Nos. 67, 84, and 83). Plaintiff also clarifies that the briefing contains quotations and citations from materials Walmart has designated Confidential as reflected in its own motion to seal.

As for Plaintiff's deposition testimony directed to Plaintiff's unrelated law enforcement interactions, courts have recognized that individuals have a privacy interest in their criminal history and that sealing may be appropriate when particular criminal history is not relevant to any issues in a case. *White v. City of Cleveland*, No. 1:17-CV-01165, 2020 WL 2812728, at *5 (N.D. Ohio May 29, 2020), *appeal dismissed sub nom. White v. City of Cleveland, OH*, No. 20-3687, 2021 WL 2763305 (6th Cir. Jan. 14, 2021). Similarly, individuals have a "right to privacy in sensitive medical information, especially when that medical information is unrelated to the

merits of the case." *In re Flint Water Cases*, No. 17-10164, 2020 WL 8881372, at *1 (E.D. Mich. Aug. 13, 2020). Here, there is little or no public interest in Plaintiff's unrelated law enforcement or medical history. Moreover, Plaintiff's proposal to seal only thirteen pages of his deposition testimony relating only to these sensitive matters is narrowly tailored and no broader than necessary. Thus, to the extent that Plaintiff seeks to seal these identified portions of his deposition testimony, his motion to seal is granted.[3]

With respect to the Settlement Agreement, Plaintiff cites the recognized need for confidentiality in settlement discussions. However, courts routinely recognize that "'the settlement privilege does not extend to finalized settlement agreements.'" *Renfrow-Pike v. Bruce*, No. 321CV00178BJBCHL, 2022 WL 1571768, at *3 (W.D. Ky. May 18, 2022) (quoting *Rogers v. Webstaurant Store, Inc.*, No. 4:18-CV-00074-JHM, 2018 WL 6728575, at *3 (W.D. Ky. Dec. 21, 2018). Plaintiff also cites the public's lack of interest in a settlement between private parties. But this is not the focus of *Shane*'s public interest considerations. "'*Shane* holds that the public is interested in any document filed in court.'" *Id.*, at *5 (quoting *Black Diamond Mining Co., LLC v. Richard Holmes Enters., LLC*, No. 15-cv-96-ART, 2016 WL 4433356, at 7-9 (E.D. Ky. Aug 18, 2016)). Moreover, Plaintiff does not analyze the contents of the Settlement Agreement overall, let alone provide a line-by-line analysis, and provides no explanation of why public disclosure would result in serious injury. The Court, having reviewed the Settlement Agreement, finds no information so sensitive that disclosure would harm Plaintiff or any third

---

[3] To be clear, as noted, Plaintiff recognizes that a redacted version of the transcript will be filed on the public docket. (ECF No. 88 at 3.) This stands in contrast to Walmart's representation that the parties have agreed to file deposition transcripts under seal in their entirety. (ECF No. 90 at 9 citing ECF No. 71 at ¶ 4.)

party. For these reasons, the Court concludes that Plaintiff has not bet his burden for filing the Settlement Agreement under seal.

In light of the above, the Court further concludes that any references and quotations to the specifically identified testimony from Plaintiff's deposition also should be filed under seal. Accordingly, Plaintiff's motion to seal is **GRANTED, in part,** to that extent. Plaintiff's request as it relates to references and quotations in the briefing that are the subject of Walmart's motion to seal, however, is **DENIED, in part, without prejudice** to refiling for the reasons explained below. Finally, Plaintiff's motion is **DENIED** to the extent it seeks to seal the Settlement Agreement.

### III.

Walmart explains that it seeks to seal

> only testimony and documents that contain confidential information regarding: (1) [its] internal metrics, processes (including information with respect to proprietary software and databases) and resource allocation as they relate to conducting background checks for employment purposes; (2) confidential contracts between Walmart and its former third-party background check vendor, Sterling, related to the provision of background checks for employment purposes; and/or (3) confidential information regarding applicants on whom background checks were conducted, including Plaintiff and putative class members.

(ECF No. 90 at 4.) According to Walmart, Walmart's or Sterling's confidential and proprietary business information would be implicated by disclosure as would private information regarding putative class members. Walmart explains that this information has been designated as confidential under the protective order entered in this case. (*Id*.)

In support of its motion to seal, Walmart has submitted a Declaration from Natalie Bartlett attesting to the confidential business nature of these documents and explaining that Walmart does not share this information with the public or third parties. Walmart further asserts that it seeks only to designate "narrow, discrete sections of [deposition] testimony as

confidential." (ECF No. 90 at 5.) Despite this characterization, as previously noted, Walmart seeks to have the depositions filed under seal in their entirety. (ECF No. 90 at 9.) Thus, in total, Walmart seeks the wholesale sealing of over 700 pages of documents

Certainly, as Walmart contends, courts grant motions to seal in order to protect a company's proprietary information. *See, e.g., Whitestone Grp., Inc. v. Excalibur Assocs., Inc.*, No. 2:22-CV-551, 2022 WL 985665, at *2 (S.D. Ohio Apr. 1, 2022). Indeed, "[t]his Court has repeatedly 'recognized that protecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings.'" *Total Quality Logistics, LLC v. Riffe*, No. 1:19-CV-23, 2020 WL 5849408, at *2 (S.D. Ohio Sept. 30, 2020) (quoting *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, No. 1:11-CV-871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017)).

With this in mind, the Court has examined the documents Walmart proposes to seal and offers the following observations regarding Walmart's current motion. Walmart appears to blur the distinction between information deemed confidential under the terms of the protective order and truly proprietary information. This distinction is important because the Sixth Circuit recognizes "a 'stark difference' between court orders which preserve the secrecy of proprietary information while parties trade discovery and orders which seal the court's record." *Wiggins v. Bank of Am., N.A.,* No. 2:19-CV-3223, 2020 WL 5891565, at *1 (S.D. Ohio Oct. 5, 2020) (quoting *Borum v. Smith*, No. 4:17-CV-17, 2017 WL 2588433, at *1 (W.D. Ky. June 14, 2017)). Thus, Walmart's request to seal is insufficient to the extent it relies on the parties' confidentiality agreement. *See Shane Grp.*, 825 F.3d at 305 ("The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'"). As previously explained, regardless of the parties' agreement during discovery or

otherwise, the Court has an independent obligation to explain the basis for sealing court records. *United States ex rel. Scott v. Humana Inc.,* No. 318CV00061GNSCHL, 2021 WL 4449277, at *9 (W.D. Ky. Sept. 28, 2021) (citing *Shane*, 825 F.3d at 306).

Further, to the extent that Walmart truly considers particular information proprietary, it fails to explain how disclosure would give a significant advantage to its competitors or result in any other "clearly defined and serious injury." *Shane Grp.,* 825 F.3d 15 307. Walmart instead offers declarative and conclusory assertions,[4] apparently expecting the Court to take its word, rather than provide the Court with meaningful explanation or other information necessary to make an independent determination. The Court, despite having completed an *in camera* review, is not inclined to guess based on Walmart's deficient effort. "A party cannot expect to reap the benefits of an overbroad request by placing the onus on the Court to determine on a 'line-by-line basis—that specific information in the court record meets the demanding requirements for a seal.'" *Humana Inc.,* 2021 WL 4449277, at *9 (quoting *Rudd Equip. Co., Inc. v. Volvo Constr. Equip. N. Am., LLC*, No. 3:19-CV-778-DJH-CHL, 2020 WL 6946577, at *4 (W.D. Ky. Nov. 25, 2020) (quoting *Shane Grp.*, 825 F.3d at 305)).

Moreover, much of the information Walmart seeks to seal appears to have been revealed already either by the very nature of Plaintiff's claim and its supporting factual allegations or by discussions in the parties' briefing. Beyond this, and importantly, Walmart wholly fails to explain how its proposal to seal nine documents in their entirety squares with its obligation under *Shane Grp.*, 825 F.3d at 305, to demonstrate that its requested seal is narrowly tailored. The same can be said of Walmart's request to seal the deposition transcripts in their entirety. These observations should not be construed as an exhaustive list but are intended to highlight that, in

---

[4] This is true even in the Declaration from Natalie Bartlett. (ECF No. 90-1.)

many significant ways, Walmart's current motion falls short of meeting the standards in this Circuit for sealing court documents. This is especially so because, given Walmart's status as one of the country's largest employers, the public may well have a strong interest in access to the information contained in the court record of this putative class action.

Accordingly, on this record, Walmart's motion to seal is **DENIED.** However, given the alleged nature of certain information, this denial is **WITHOUT PREJUDICE** to Walmart's ability to re-file a properly supported motion consistent with the law summarized above.

### IV.

Plaintiff's motion to seal (ECF No. 88) is **GRANTED, in part,** to the extent set forth above. Plaintiff's motion as it relates to references and quotations in the briefing that are the subject of Walmart's motion to seal is **DENIED, in part, without prejudice** to refiling. Plaintiff's motion to seal as it relates to the Settlement Agreement is **DENIED**. Walmart's motion to seal (ECF No. 90) is **DENIED WITHOUT PREJUDICE**. Any renewed motions to seal should be filed within **FOURTEEN DAYS** of the date of this Order. If renewed motions to seal are not filed, on the **FIFTEENTH DAY** unredacted versions of the documents currently remaining at issue shall be filed on the public docket.

**IT IS SO ORDERED.**

Date: October 3, 2022
　　　　　　　　　　　　　　　　　　　　　　/s/ *Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　　　ELIZABETH A. PRESTON DEAVERS
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE