UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THOMAS MERCK,**

    **Plaintiff,**

v.

**WALMART INC.,**

    **Defendant.**

:
:
:

**Case No. 2:20-cv-2908**
**Judge Sarah D. Morrison**
**Magistrate Judge Elizabeth A. Preston Deavers**

## OPINION AND ORDER

Plaintiff Thomas Merck, individually and as representative of a proposed class, alleges that Defendant Walmart Inc. violated the pre-adverse action notice requirements of the Fair Credit Reporting Act, 15 U.S.C. § 1681(b)(3), by failing to provide Mr. Merck with a copy of the credit report on which it relied in rejecting his employment application. The matter is now before the Court on Mr. Merck's Unopposed Motion for Reconsideration (ECF No. 95) and Walmart's Unopposed Motion to File Document Under Seal (ECF No. 96). Mr. Merck's Motion for Class Certification (ECF No. 67) and Walmart's Motion for Summary Judgment (ECF No. 75) are also pending.

For the reasons set forth below, Mr. Merck's Motion for Reconsideration is **GRANTED**; Walmart's Motion to File Document Under Seal is **GRANTED in part** and **DENIED in part**; and the Motions for Class Certification and Summary Judgment are **DENIED without prejudice** to refiling in compliance with this Opinion and Order **within seven days** of the date hereof.

I.  PROCEDURAL HISTORY

    A.  **The Court adopted the parties' proposed Protective Order in October 2020.**

Mr. Merck first filed this action more than two years ago. (*See* ECF No. 1.) In October of 2020, the parties proposed, and this Court adopted, a Stipulated Protective Order. (Protective Order, ECF No. 29.) The Protective Order permits the parties to designate "any documents, testimony, written responses, or other materials produced in this case" as Confidential or Attorneys' Eyes Only. (*Id.*, PAGEID # 190–91.) Material may be designated as Confidential if:

> the Producing Entity asserts in good faith [that it] is protected from disclosure by statute or common law, including, but not limited to, confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available.

(*Id.*) Material may be designated as Attorneys' Eyes Only if it satisfies the above test and:

> the Producing Entity also asserts in good faith that the information is so competitively sensitive that the receipt of the information by parties to the litigation could result in competitive or personal harm to the Producing Entity.

(*Id.*)

Although a Confidential- or Attorneys' Eyes Only-designation subjects the material to the terms of the Protective Order, it does not constitute "a judicial determination" that the material is "subject to protection under Rule 26(c) of the Federal Rules of Civil Procedures or otherwise[.]" (*Id.*, PAGEID # 201.) Accordingly, the parties must seek leave of court to file under seal any materials they believe are not appropriate for the public docket. (*See id.*, PAGEID # 196.) *See also* S.D. Ohio

Civ. R. 5.2.1(a) ("Unless permitted by statute, parties may not file documents under seal without obtaining leave of Court upon motion and for good cause shown.").

**B.     The parties filed heavily redacted briefing in support of their motions, without first moving for leave to file documents under seal.**

In Spring of 2022, Mr. Merck filed a Motion for Class Certification (ECF No. 67) and Walmart filed a Motion for Summary Judgment (ECF No. 75). But seven of the thirteen total exhibits supporting those motions were withheld from the docket. "Placeholders" were filed instead:

> **EXHIBIT 1 PLACEHOLDER**
>
> **DOCUMENT DESIGNATED CONFIDENTIAL BY DEFENDANT PURSUANT TO ECF NO. 29**
>
> Transcript and Exhibits from September 24, 2021 Deposition of Natalie Bartlett
>
> (to be filed under seal, pending Court order on forthcoming Motion to Seal to be filed by Walmart Inc.)

(ECF No. 67-2.) The briefs are similarly opaque, redacted to a degree more suited for national security secrets than the hiring practices of the country's largest private employer. Take the following example:



(ECF No. 83, PAGEID # 1081.) Clear evidence, indeed.

The parties filed their motions to seal the information redacted and withheld *only after* the Motion for Class Certification and Motion for Summary Judgment were fully briefed. (ECF Nos. 88, 90.)

    **C.**    **The Magistrate Judge denied Walmart's Motion to File Under Seal and granted in part and denied in part Mr. Merck's.**

On October 3, 2022, Magistrate Judge Deavers issued an Opinion and Order on the motions to seal. (Oct. 3 Opinion & Order, ECF No. 93.) Her Honor concluded that Mr. Merck could file certain personal details under seal—including his health

4

information and unrelated criminal history—but could not seal the settlement agreement he entered into with Sterling Infosystems, Inc. (*Id.*, 4–6.) As to Walmart, the Magistrate Judge found that, "in many significant ways, [its] motion falls short of meeting the standards in this Circuit for sealing court documents." (*Id.*, 9.) In particular, she noted that "Walmart appears to blur the distinction between information deemed confidential under the terms of the [P]rotective [O]rder and truly proprietary information." (*Id.*, 7 (citing *Wiggins v. Bank of Am., N.A.*, No. 2:19-cv-3223, 2020 WL 5891565, at *1 (S.D. Ohio Oct. 5, 2020) (Jolson, M.J.)).) And, in doing so, Walmart failed to carry its heavy burden, as articulated by the Sixth Circuit. (*Id.* (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (requiring a movant to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations")).) Magistrate Judge Deavers denied the motion without prejudice to refiling a properly supported successor.

The matter is now before the Court on motions made in response to the October 3 Opinion and Order.

## II. LEGAL STANDARD

Magistrate Judge Deavers summarized the standard for analyzing a motion for leave to file documents under seal:

> It is well established that "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). A court's discretion to seal records from public inspection, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files[,]" which the United States Court of Appeals for the Sixth Circuit has described as a "long-

5

established legal tradition." *In re Knoxville News Sentinel Co., Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983); *see also Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178–80 (6th Cir. 1983) (discussing the justifications for the "strong presumption in favor of openness"). Therefore, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." [*Shane Grp., Inc.*, 825 F.3d at 305] (internal quotation marks and citation omitted). The Sixth Circuit has indicated that exceptions fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179 (citations omitted).

In addition, the Sixth Circuit has recently emphasized the public's "strong interest in obtaining the information contained in the Court record." *Shane Grp., Inc.*, 825 F.3d at 305 (internal quotation marks and citation omitted); *see also In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019) ("'[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.'") (quoting *Shane Grp., Inc.*, 825 F.3d at 305). Accordingly, district courts must consider "each pleading [to be] filed under seal or with redactions and to make a specific determination as to the necessity of nondisclosure in each instance" and must "bear in mind that the party seeking to file under seal must provide a 'compelling reason' to do so and demonstrate that the seal is 'narrowly tailored to serve that reason.'" *In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 940 (quoting *Shane Grp., Inc.*, 825 F.3d at 305). If a district court "permits a pleading to be filed under seal or with redactions, it shall be incumbent upon the court to adequately explain 'why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary.'" *Id.* (quoting *Shane Grp., Inc.*, 825 F.3d at 306).

(Oct. 3 Opinion & Order, 2–4.)

### III.   ANALYSIS

#### A.   Mr. Merck's Motion for Reconsideration

Mr. Merck now seeks leave to file the full Sterling Settlement Agreement under seal, and a redacted version on the public docket "with the *only* redaction

6

being of the settlement amount." (ECF No. 95, 1.) Mr. Merck contends that this "alternative proposal" appropriately balances the public interest in disclosure with his and Sterling's private interest in confidentiality by "protect[ing] that piece of information . . . that is most private[.]" (*Id.*, 2.) The Court agrees. "[S]ettlement amounts can be—and often are—sealed." *In re Black Diamond Mining Co., LLC*, No. 15-96-ART, 2016 WL 4433356, at *3 (E.D. Ky. Aug. 18, 2016) (Thapar, J.). That is particularly true where, as here, the settlement agreement involves a non-party to the litigation. *Id.*

Mr. Merck's Motion (ECF No. 95) is **GRANTED**.

**B.     Walmart's Motion to Seal**

Walmart also moves in response to the October 3 Opinion and Order. (ECF No. 96.) Through its motion, Walmart seeks leave to file only the cited portions of depositions as exhibits, and renews its request to seal certain deposition testimony and documents related to the parties' briefing.

**1.     Walmart may file excerpted deposition transcripts.**

This Court generally requires a litigant to file the entirety of any deposition that is cited to or relied upon in a motion or briefing. Hon. Sarah D. Morrison Standing Order re: Filings and Decorum, ¶ 8 (*available online at* https://www.ohsd.uscourts.gov/standingordersJMorrison). Walmart seeks relief from this requirement. (ECF No. 96, 3.) Instead, it proposes to file only the cited deposition testimony, because the "uncited testimony contains confidential information[.]" (*Id.*, 4.) Mr. Merck does not object to Walmart's request.

The standing order on filing deposition transcripts is intended to mitigate the risk of parties misrepresenting testimony. It is a protective measure that ensures the Court has the context necessary to make an informed ruling. But if the parties do not want the benefit of that protection, the Court will not force it. Walmart's Motion is **GRANTED** to the extent it seeks to file only those portions of the deposition testimony cited in the briefing.

### 2. Walmart fails to properly support its renewed request to file "confidential" materials under seal.

Walmart next renews its motion to file under seal certain deposition testimony and documents that contain "personally identifiable information" and "confidential and proprietary business information." (*Id.*, 5.)

#### a) Personally identifiable information

Given the nature of Mr. Merck's claims, the information in his background report appears throughout relevant evidence. Walmart's motion is **GRANTED** to the extent it seeks to redact information described in Rule 5.2(a) as to Mr. Merck and any putative class members. Fed. R. Civ. P. 5.2(a). For the avoidance of doubt, Walmart is granted leave to redact only the first five digits of Mr. Merck's Social Security Number and the date and month of his birth from Exhibits 3, 4, and 24.

#### b) Confidential and proprietary business information

After Walmart's first motion to seal confidential and proprietary business information, the Magistrate Judge observed:

> Certainly, as Walmart contends, courts grant motions to seal in order to protect a company's proprietary information. *See, e.g., Whitestone Grp., Inc. v. Excalibur Assocs., Inc.*, No. 2:22-CV-551, 2022 WL 985665, at *2 (S.D. Ohio Apr. 1, 2022). Indeed, "[t]his Court has repeatedly

8

'recognized that protecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings.'" *Total Quality Logistics, LLC v. Riffe*, No. 1:19-CV-23, 2020 WL 5849408, at *2 (S.D. Ohio Sept. 30, 2020) (quoting *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, No. 1:11-CV-871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017)).

. . . Walmart appears to blur the distinction between information deemed confidential under the terms of the [P]rotective [O]rder and truly proprietary information. This distinction is important because the Sixth Circuit recognizes "a 'stark difference' between court orders which preserve the secrecy of proprietary information while parties trade discovery and orders which seal the court's record." *Wiggins v. Bank of Am., N.A.*, No. 2:19-CV-3223, 2020 WL 5891565, at *1 (S.D. Ohio Oct. 5, 2020) (quoting *Borum v. Smith*, No. 4:17-CV-17, 2017 WL 2588433, at *1 (W.D. Ky. June 14, 2017)).

Thus, Walmart's request to seal is insufficient to the extent it relies on the parties' confidentiality agreement. *See Shane Grp., Inc.*, 825 F.3d at 305 ("The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'"). . . . [R]egardless of the parties' agreement during discovery or otherwise, the Court has an independent obligation to explain the basis for sealing court records. *United States ex rel. Scott v. Humana Inc.*, No. 318CV00061GNSCHL, 2021 WL 4449277, at *9 (W.D. Ky. Sept. 28, 2021) (citing *Shane Grp., Inc.*, 825 F.3d at 306).

Further, to the extent that Walmart truly considers particular information proprietary, it fails to explain how disclosure would give a significant advantage to its competitors or result in any other "clearly defined and serious injury." *Shane Grp., Inc.*, 825 F.3d 15 307. Walmart instead offers declarative and conclusory assertions, apparently expecting the Court to take its word, rather than provide the Court with meaningful explanation or other information necessary to make an independent determination. The Court, despite having completed an *in camera* review, is not inclined to guess based on Walmart's deficient effort. "A party cannot expect to reap the benefits of an overbroad request by placing the onus on the Court to determine on a 'line-by-line basis—that specific information in the court record meets the demanding requirements for a seal.'" *Humana Inc.*, 2021 WL 4449277, at *9 (quoting *Rudd Equip. Co., Inc. v. Volvo Constr. Equip. N. Am., LLC*, No. 3:19-CV-778-DJH-CHL, 2020 WL 6946577, at *4 (W.D. Ky. Nov. 25, 2020) (quoting *Shane Grp., Inc.*, 825 F.3d at 305)).

9

> Moreover, much of the information Walmart seeks to seal appears to have been revealed already either by the very nature of Plaintiff's claim and its supporting factual allegations or by discussions in the parties' briefing. . . . These observations should not be construed as an exhaustive list but are intended to highlight that, in many significant ways, Walmart's current motion falls short of meeting the standards in this Circuit for sealing court documents. This is especially so because, given Walmart's status as one of the country's largest employers, the public may well have a strong interest in access to the information contained in the court record of this putative class action.

(Oct. 3 Opinion & Order, 7–9.) The Magistrate Judge denied the motion without prejudice, giving Walmart fourteen days to refile a properly supported motion. (*Id.*, 9.)

But Walmart's second take is as deficient as the first. It could have used the Magistrate Judge's observations to improve the motion, thereby improving its chances at success. Instead, Walmart "apologize[d to the Court] for any confusion" its first motion may have caused (ECF No. 96, 1, 5); "narrowed its confidentiality designations" (*id.*, 8); and offered two brief sentences purporting to justify why vast swaths of information should be shielded from public view (*id.*, 6–7). The additions are declarative and conclusory in a familiar way, and altogether fail to remedy the deficiencies identified by the Magistrate Judge. (*Compare* ECF No. 90 *with* ECF No. 96.) There is no explanation of why the material is properly considered confidential or proprietary, and there is no explanation of why its disclosure would be harmful. *Cf. Shane Grp., Inc.*, 825 F.3d at 307–08 ("[I]n delineating the injury to be prevented, specificity is essential."). The Court is in no better position to fulfill its independent obligation to explain why the subject materials deserve secrecy than it

10

was at the outset.[1] As the Magistrate Judge explained—without mistake or confusion—**Walmart's *ipse dixit* does not make it so**.

Accordingly, the balance of Walmart's Motion is **DENIED**.

### C. Other Pending Motions

In view of the foregoing, the Motion for Class Certification and Motion for Summary Judgment are **DENIED without prejudice** to refiling, in a form that comports with this Opinion and Order, **within seven days** of the date hereof.

## IV. CONCLUSION

Mr. Merck's Motion for Reconsideration (ECF No. 95) is **GRANTED**. He may file the full settlement agreement under seal, and a redacted version on the public docket.

Walmart's Motion to File Under Seal (ECF No. 96) is **GRANTED** to the extent it seeks an exception to the Court's standing order requiring full deposition transcripts be filed, and to the extent it seeks to redact Rule 5.2(a) information. The balance of the Motion is **DENIED**.

---

[1] On this record, the Court has reason to doubt whether it could ever permit Walmart to file these materials under seal under the *Shane Grp., Inc.* standard. In the most flagrant example of why, Walmart seeks to seal a chart showing the reporting structure of its "Associate Vetting Team" as it existed in 2017. Walmart first argued that the chart contained "[c]onfidential and proprietary information regarding Walmart's metrics, internal processes and resource allocation as it relates to conducting background checks for employment purposes." (ECF No. 90, 5.) In its renewed motion, Walmart seems to concede that the chart is not really "confidential and proprietary," and instead seeks to redact the names of individuals listed therein, purportedly to protect the privacy of "non-parties and non-fact witnesses." (ECF No. 96, 11.)

Finally, the pending Motion for Class Certification (ECF No. 67) and Motion for Summary Judgment (ECF No. 75) are **DENIED without prejudice** to refiling in compliance with this Opinion and Order **within seven days** of the date hereof.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**